MICHAEL V. CRISTALLI, ESQ.
Nevada Bar No. 6266
**GORDON SILVER**
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169
Phone: 796-5555
Fax: 369-2666
Email: mcristalli@gordonsilver.com

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> MARIA ORNELAS, ) <br> ) <br> Defendant. ) <br> _____) | CASE NO.: 2:10-cr-00121-RLH |

**DEFENDANT ORNELAS' RESPONSE TO PRESENTENCE INVESTIGATION REPORT**

Comes now, Maria Ornelas, defendant herein, by and through her attorney, Michael V. Cristalli, Esq., of the law firm of Gordon Silver, and respectfully submits the instant Defendant's Response to Presentence Investigation Report.

. . .

. . .

. . .

. . .

The purpose of the following response is to address the factors outlined in 18 U.S.C § 3553(a) be given consideration.

DATED this 16th day of December, 2011.

Respectfully submitted,

/s/ MICHAEL V. CRISTALLI, ESQ.

**MICHAEL V. CRISTALLI, ESQ.**
Nevada Bar No. 6266
**GORDON SILVER**
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169
Phone: 796-5555
Fax: 369-2666
Email: mcristalli@gordonsilver.com

*Attorney for Defendant*

## RESPONSE

It is respectfully argued that the factors outlined in 18 U.S.C § 3553(a) be given consideration.

The factors outlined in 18 U.S.C. § 3553(a) are as follows:

§ 3553. Imposition of a sentence
    (a) FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE.—
The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentenced to be imposed, shall consider--
        (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
        (2) the need for the sentence imposed—
            (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
            (B) to afford adequate deterrence to criminal conduct;
            (C) to protect the public from further crimes of the defendant; and

          (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

          (3) the kinds of sentences available;

          (4) the kinds of sentence and the sentencing range established for—

          (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

Under the post-*Booker*, advisory Sentencing guidelines regime, a judge must give serious consideration to the extent of any departure from the Guidelines and must explain his or her conclusion that an unusually lenient is appropriate in a particular case with sufficient justifications. *Gall v. U.S.*, 552 U.S. 38, 128 S. Ct. 586 (2007).

A downward departure from the sentencing guidelines' recommended prison term may be warranted under certain circumstances. *U.S. v. West*, 552 F. Supp. 2d 74 (D. Mass. 2008). In *West*, West was a "small time hoodlum" caught up in a much more federal investigation of alleged police corruption. *Id.* The court noted that after he was apprehended, "prosecutors now had West where they wanted him." As a career offender, if convicted of two drug sales he faced a "draconian" sentence; however, if he could be flipped, he could be induced to cooperate in investigations. However, it turned out he could not. *Id.*

After hearing extensive argument and carefully considering the factors, the court sentenced West to a term of 180 months imprisonment to be followed by 120 months of supervised release, although the government requested a sentence of 262 months imprisonment. *Id.* It was quite clear from the evidence at trial that the circumstances surrounding West's arrest placed him outside the heartland of offenders caught dealing cocaine. Moreover, West was not charged with identify fraud or involvement in any alleged schemes. *Id.*

The court chose to impose a sentence below the government's recommended low-end guideline sentence for two reasons. *Id.* First, although West was a repeat offender, the court was

not convinced that drug dealings was his main line of business. Second, while his criminal history and conduct clearly warranted a lengthy period of incarceration, it did not merit what could amount to a life sentence for a thirty eight year old man. Thus, the court was satisfied its downward departure properly served the interests of justice. *Id.*

In the case at bar, the Defendant has accepted responsibility for her conduct and has assisted law enforcement. The Defendant's role in this matter was substantially less than the others charged and her conduct was innocuous at best. Unlike *West,* she has no prior criminal history and was unaware at the time the events occurred that her conduct could be constituted as criminal in nature.

Defendant Ornelas was an employee of the organization not a principal or owner. As part of her employment, she recruited her sisters to purchase properties. Defendant Ornelas did not participate with the intention of causing losses associated with the transactions or to cause harm to her sisters. Similar to *West*, the acts for which she was charged were not her "main line of business" and she did not know that her actions would result in harm. Defendant Ornelas has accepted responsibility for the losses caused and has continued to cooperate in the investigation and prosecution of the case. She was never fully invested in the fraud that was being committed within the organization.

There are many mitigating circumstances associated with Ms. Ornelas. Ms. Ornelas worked primarily with the leasing division of the company. She was not involved in the mortgage division of the company. She did not prepare documents associated with purchases and lending. Ms. Ornelas has no criminal history. Her involvement in the underlying case is an aberration.

Ms. Ornelas is married and has two children. She has always been gainfully employed and continues to be financial responsible for the family as her husband cares for the children. As such, similar to *West*, the interests of justice would be served by a downward departure in sentencing from the sentencing guidelines' recommended term.

## CONCLUSION

Based on the foregoing, it is respectfully requested that, under the post-*Booker*, advisory Sentencing guidelines regime, this Court give serious consideration to the extent of any departure from the Guidelines for a more lenient sentence to be appropriate in this matter, based upon the aforementioned mitigating circumstances.

DATED this 16th day of December, 2011.

Respectfully submitted,

/s/ MICHAEL V. CRISTALLI, ESQ.

**MICHAEL V. CRISTALLI, ESQ.**
Nevada Bar No. 6266
**GORDON SILVER**
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169
Phone: 796-5555
Fax: 369-2666
Email: mcristalli@gordonsilver.com

*Attorney for Defendant*